SLIP OPINION

Cite as 2014 Ark. 362

# SUPREME COURT OF ARKANSAS

No. CR–14–94

| | |
|---|---|
| STATE OF ARKANSAS | **Opinion Delivered** September 11, 2014 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-11-1505] |
| V. | |
| DERRICK LAMONT THOMAS | HONORABLE WILLIAM O. JAMES, JR., SPECIAL JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

The State of Arkansas appeals from an October 20, 2013 Pulaski County Circuit Court order dismissing second-degree battery and second-degree assault charges that were pending against Derrick Lamont Thomas. The charges arose from an April 6, 2011 incident at the Arkansas State Hospital, where Thomas had been committed for a mental evaluation by court order in a separate criminal case. These charges involved the doctor who was conducting the mental evaluation and a security guard employed by the State Hospital. Although the charges had been filed on May 2, 2011, in August 2011, the circuit court suspended proceedings pending a mental-health evaluation. Despite Thomas's initial lack of cooperation, on May 31, 2012, the State Hospital determined that he was unfit to proceed to trial on the battery charges. On appeal, the State argues that the circuit court's dismissal of the battery charges violated Arkansas Code Annotated section 5-2-310(c)(2) (Supp. 2011),

and the separation–of–powers doctrine.

At the hearing on Thomas's motion to dismiss the battery charges, Dr. Mark Peacock, a forensic psychiatrist and member of the UAMS faculty, testified that he had been tasked with conducting a pretrial mental evaluation of Thomas. He noted that Thomas had a lengthy history of involvement with the criminal–justice system and the mental–health establishment. Dr. Peacock diagnosed Thomas with paranoid schizophrenia and intermittent–explosive disorder. He opined that Thomas was not fit to stand trial because he was unable to understand the criminal proceedings or effectively assist his trial counsel in his defense. Dr. Peacock "deferred" answering the question of whether Thomas was legally responsible for his conduct at the time he committed the offenses. Nonetheless, Dr. Peacock did not believe that Thomas could be restored to competency.

Thomas concluded his case with the testimony of Nicholas Ward, Thomas's therapist at Dayspring, an inpatient mental–health facility. According to Ward, Thomas was placed at Dayspring pursuant to a five–year civil commitment entered in 2009. Ward opined that Thomas was unfit to stand trial because he could not effectively assist his attorney with his defense. He specifically noted that Thomas was unable to consistently describe the incident that caused the charges to be filed.

The State presented no evidence. Arguments of both Thomas's counsel and of the State focused primarily on the circuit court's authority to grant Thomas's motion to dismiss pursuant to section 5-2-310(c)(2). The posthearing briefs requested by the circuit court addressed this point of contention. On October 30, 2013, the circuit court dismissed the

battery charges. On November 22, 2013, the State filed a motion to reconsider. In addition to its contention that dismissing the charges violated Arkansas Code Annotated section 5-2-310(c)(2), the State asserted that the circuit court's dismissal of the charges violated the separation-of-powers doctrine. The circuit court did not act on the motion to reconsider. On November 27, 2013, the State filed a notice of appeal in which it asserted that it was appealing the dismissal order.

As a threshold matter, we consider whether the State has properly brought its appeal pursuant to Ark. R. App. P.–Crim. 3 (2007). This court decides appeals brought by the State in criminal cases only when the issue is "narrow in scope" and involves the interpretation of law. *State v. Cherry*, 2014 Ark. 194. We do not permit State appeals merely to demonstrate the fact that the circuit court erred. *Id*. We dismiss appeals that do not present an issue of interpretation of the criminal rules with widespread ramifications, or those appeals where the resolution of the issue turns on the facts unique to the case or involve a mixed question of law and fact. *Id*. Likewise, we dismiss appeals that only raise an issue of the application, not interpretation, of a criminal rule or statutory provision if it does not involve the correct and uniform administration of the criminal law. *Id*. The issue before us is one of statutory interpretation. Moreover, there are no disputed facts; the allegation of circuit court error is solely a matter of law. Also, because this case does not turn on idiosyncratic facts, our decision is potentially one of widespread application. *See State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992). Thus we hold that this is a proper State appeal.

On appeal, the State argues that the circuit court's dismissal of the battery charges

violated Arkansas Code Annotated section 5-2-310(c)(2) and the separation-of-powers doctrine. It acknowledges that under section 5-2-310(c)(2), a circuit court has the statutory authority to dismiss criminal charges pending against a defendant who was previously found to be incompetent to stand trial; however, the plain language of the statute so empowers the circuit court to dismiss the charges only after the court determines that the defendant has regained fitness to proceed. The circuit court erred in this case because there was no requisite finding that Thomas had regained competence to stand trial. We find this argument to be compelling.

On appeal, we consider statutory interpretation de novo and give no deference to the circuit court's interpretation. *State v. Martin*, 2012 Ark. 191. The first rule of statutory construction is to construe a statute just as it reads, giving the words their ordinary and usually accepted meaning. *Smith v. Simes*, 2013 Ark. 477, 430 S.W.3d 690. In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 535. Statutes relating to the same subject must be construed together and in harmony, if possible. *Id*.

Arkansas Code Annotated section 5-2-310 is found in the chapter of our criminal code entitled "Principles of Criminal Liability." It is in the subchapter entitled "Mental Disease or Defect." Also in that subchapter is section 5-2-302, entitled "Lack of fitness to proceed generally," which proscribes proceeding against a criminal defendant who is incapable of understanding a proceeding or effectively assisting his or her defense counsel.

SLIP OPINION

Subparagraph (b) of section 5-2-302 likewise forbids a circuit court from acquitting such an unfit defendant.

Section 5-2-310, entitled "Lack of fitness to proceed—Procedures subsequent to finding," gives a circuit court various powers to deal with a criminal defendant who has been found unfit to stand trial, including releasing the defendant if he is not a threat to himself or others. However, nowhere in this section is a circuit court given the authority to dismiss charges against an unfit defendant. *Id.* In the case before us, the circuit court invoked subparagraph (c) as authority to dismiss the charges against Thomas. This was error.

The plain language of section 5-2-310(c) states:

> (c)(1) On the court's own motion or upon application of the department, the prosecuting attorney, or the defendant, and after a hearing if a hearing is requested, if the court determines that the defendant has regained fitness to proceed, the criminal proceeding shall be resumed.

> (2) However, if the court is of the view that so much time has elapsed since the alleged commission of the offense in question that it would be unjust to resume the criminal proceeding, the court may dismiss the charge.

The plain language of subparagraph (c) involves only the situation in which a criminal defendant has regained his or her fitness to stand trial. Such was the case in *Mauppin v. State*, 309 Ark. 235, 831 S.W.2d 104 (1992), the primary case relied on by Thomas at the circuit court hearing. *Mauppin* is therefore clearly inapplicable to the case before us and was not cited in Thomas's brief on appeal. Here, there was no evidence that Thomas had become competent to stand trial. In fact, Dr. Peacock opined that Thomas would not regain competence. Accordingly, the circuit court was not confronted by a situation in which

criminal proceedings against Thomas were expected to be *resumed*.

Subparagraph (c)(1) establishes the due-process requirements for restarting a criminal proceeding after a defendant has been found incompetent to stand trial. It is only after the circuit court has found that a defendant has "regained fitness" that criminal proceedings may be resumed. *Id*. At that point the circuit court is empowered by subparagraph (c)(2) to abort the resumption of proceedings in the interest of justice. Having determined that the circuit court improperly construed Arkansas Code Annotated section 5-2-310(c), we reverse and remand this case for further proceedings consistent with this opinion. Having found merit in the State's statutory-construction argument, we find it unnecessary to consider the State's separation-of-powers argument.

Reversed and remanded.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellee.