SLIP OPINION



Cite as 2016 Ark. 114

# SUPREME COURT OF ARKANSAS

No. CR–15–779

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** March 17, 2016 |
| STATE OF ARKANSAS | | APPEAL FROM THE JEFFERSON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [35CR-12-366] |
| V. | | |
| | | HONORABLE ROBERT H. WYATT, |
| | | JUDGE |
| BILLY GENE COBLE | | |
| | APPELLEE | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

Appellant, State of Arkansas, brought a criminal charge against appellee, Billy Gene Coble, alleging that Coble had engaged in sexual indecency with a child, in violation of Arkansas Code Annotated section 5-14-110(a)(4)(C) (Repl. 2013). A jury trial was held, and at the close of the State's case, the circuit court directed a verdict in Coble's favor. The State appeals, asking this court to declare error on a question of law. Particularly, the State argues that the circuit court erred in its determination of what is meant by the phrase "another person" in the criminal statute. We accept the appeal and affirm the circuit court's decision.

Rule 3(b), (c), and (d) of the Arkansas Rule of Appellate Procedure–Criminal, authorizes this court to hear an appeal when the Attorney General, after inspecting the trial record, is satisfied that error has been committed to the prejudice of the State and that the correct and uniform administration of the criminal law requires such review. As a threshold matter, we must consider whether the State has properly brought its appeal pursuant to this

SLIP OPINION

rule. This court decides appeals brought by the State in criminal cases only when the issue is narrow in scope, involves the interpretation of law, has widespread ramifications, and involves the correct and uniform administration of the criminal law. *State v. Thomas*, 2014 Ark. 362, at 3, 439 S.W.3d 690, 692. We dismiss appeals that only raise an issue of the application, not interpretation, of a statutory provision. *Id.*, 439 S.W.3d at 692. The issue before this court is a narrow one of statutory interpretation and does not turn on particular facts. Our decision will have widespread application and is required for the correct and uniform administration of the criminal law. We hold that this is a proper State appeal.

Given that this is solely a question of the interpretation of the criminal statute, a recitation of the facts presented at trial is unnecessary, and we need only resort to an examination of the statutory language. In pertinent part, Arkansas Code Annotated section 5-14-110(a)(4)(C) provides that "[a] person commits sexual indecency with a child if . . . [w]ith the purpose to arouse or gratify his or her sexual desire or a sexual desire of another person, a person who is eighteen (18) years of age or older causes or coerces a minor to expose his or her sex organs to *another person*, and the actor is . . . [t]he minor's guardian." (Emphasis added.) We emphasize the phrase, "another person," as it is this phrase that the State asks this court to interpret.

In directing a verdict in Coble's favor, the circuit court concluded that, as used in the statute, the phrase, "another person," means someone other than the defendant. In essence, in interpreting section 5-14-110(a)(4)(C), the circuit court concluded that a guardian commits the crime only if he or she causes or coerces a minor to expose his or her sex organs—not to

SLIP OPINION

the actor (who is the guardian) or the victim—but instead to *another person*.

On appeal, the State asserts that the circuit court's interpretation will lead to an absurd result, as the intent of the statute is to protect minors from actors who are guardians of the minors, and this court will not interpret a statute to lead to an absurd result. The State argues that it "flies in the face of logic to read the statute to mean that a person in such a position could escape criminal liability as long as he causes the child to expose himself or herself solely to him (the actor) and not to a third person." The State proposes that a "common-sense" reading of the statute shows that the phrase "causes or coerces a minor to expose his or her sex organs to another person" means to any person other than the victim, and that such a reading does not exclude the actor as "another person."

On appeal, we consider statutory interpretation de novo. *Thomas*, 2014 Ark. 362, at 4, 439 S.W.3d 690, 692. In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *First Ark. Bail Bonds, Inc. v. State*, 373 Ark. 463, 464–65, 284 S.W.3d 525, 527 (2008). We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute, if possible. *Id.* at 465, 284 S.W.3d at 527. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to the rules of statutory construction. *Id.*, 284 S.W.3d at 527.

A plain reading of the statute indicates that the statute clearly differentiates among the person (actor), the victim, and "another person." The statute provides that a "person" (actor)

SLIP OPINION

commits the crime if with the purpose to arouse or gratify "his or her" sexual desire (meaning the actor's sexual desire) or a sexual desire of "another person," a "person" (actor) causes or coerces a "minor" to expose his or her sex organs to "another person." In sum, there is an actor who must cause or coerce the minor, for the gratification of either the actor or "another person," and the exposure to "another person." Given that the statute specifically delineates between the actor and "another person," that same distinction must be carried forward throughout the statute, and thus the exposure must be to "another person."

Our interpretation of the statute is supported by the examination of other provisions of the statute. Section 5-14-110(a)(5) provides that a person commits the crime of sexual indecency with a child if "[b]eing eighteen (18) years of age or older, the person causes or coerces another person who is less than fourteen (14) years of age to expose his or her sex organs or the breast of a female with the purpose to arouse or gratify a sexual desire of himself, herself, or another person." In that subsection, the exposure is not limited to "another person." Thus, the General Assembly, had it so intended, could have likewise written section 5-14-110(a)(4) so that the subsection did not specify to whom the exposure must be made.[1]

This court has observed that the State is not required to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *Rounsaville v. State*, 374 Ark. 356, 360, 288 S.W.3d 213, 216

---

[1]We are unsure why the dissent believes that this paragraph suggests that Coble could have been charged under section 5-14-110(a)(5). We did not. The purpose of our citation to that subsection is to establish that statutory meaning may be gleaned from the examination of statutory language.

(2008). The General Assembly may have intended to preclude the chance of creating a question of fact and the possibility of a criminal prosecution each time a guardian, such as a mother or a father, asks a minor to expose his or her sexual organs to the mother or father for some legitimate purpose.[2]

Furthermore, even if this court were to conclude, as the State does here, that this interpretation will lead to an "absurd" result, the State misunderstands this canon of statutory construction. As has been noted, "The doctrine of absurdity is meant to correct obviously *unintended* dispositions, not to revise purposeful dispositions that, in light of other provisions of the applicable code, make little if any sense."Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 239 (2012). Under the State's conception of the doctrine, one could deem a statute as "absurd" even though the statute's meaning is plain. Accordingly, we affirm the circuit court's interpretation.

Affirmed.

BRILL, C.J., and DANIELSON, J., dissent.

**PAUL E. DANIELSON, Justice, dissenting.** The appellee in this case, Billy Gene Coble, came home and found his fourteen-year-old daughter alone in her bedroom with her seventeen-year-old boyfriend. The daughter was partially unclothed. After Coble sent the boyfriend away, the daughter tearfully begged Coble not to punish her. Coble agreed not to

---

[2]"Guardian" is defined as "a parent, stepparent, legal guardian, legal custodian, foster parent, or any person who by virtue of a living arrangement is placed in an apparent position of power or authority over a minor." Ark. Code Ann. § 5-14-101(3) (Repl. 2013).

ground her or tell other family members, provided that she expose herself to him. She removed all of her clothes and, at her father's direction, moved in various positions while he watched. He asked permission to hug her, and she refused. The daughter testified that she could see that her father was physically aroused. She reported the incident to police the following day, and Coble was charged with sexual indecency with a child. At a jury trial, the circuit court directed a verdict in Coble's favor, finding that the State had failed to present evidence on a required element of Arkansas Code Annotated section 5-14-110(a)(4)(C) (Repl. 2013).

I cannot agree with the majority's strained interpretation of section 5-14-110(a)(4)(C). Construing this statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, it clearly requires that the actor cause or coerce the victim to expose his or her sex organs to any person other than the victim. *See, e.g.*, *Hart v. State*, 2014 Ark. 250 (explaining our standard for review of statutory-interpretation issues). "Another person" includes the perpetrator. The majority's contrary interpretation is nonsensical and leads to an absurd result—namely, that there can be no criminal liability for the guardian of a minor who, with the purpose to arouse or gratify his or her sexual desire, causes or coerces the minor to expose his or her sex organs to the guardian. We have said time and again that we will not interpret a statute in a manner that defeats its legislative purpose, nor will we interpret a statute to lead to an absurd result. *See, e.g.*, *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635.

To the extent that the majority suggests that Coble could have been charged and convicted under section 5-14-110(a)(5), I note that that section applies only to victims who

SLIP OPINION

are less than fourteen years of age. Ark. Code Ann. § 5-14-110(a)(5) (Repl. 2013). The victim in this case was fourteen years old at the time of the alleged offense; accordingly, section 5-14-110(a)(5) would not apply.

For these reasons, I dissent and would declare error in the circuit court's interpretation of the statute.

BRILL, C.J., joins in this dissent.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellant.