SLIP OPINION

Cite as 2016 Ark. 324

# SUPREME COURT OF ARKANSAS

No. CV-16-404

| | |
|---|---|
| | **Opinion Delivered:** September 22, 2016 |
| LEE CHARLES MILLSAP, JR.<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT<br>COURT<br>[NO. 40CV-15-106]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

Appellant Lee Charles Millsap, Jr., filed a pro se petition for writ of habeas corpus in the circuit court of the county where he was incarcerated.[1] The circuit court dismissed the petition, and Millsap lodged this appeal. On appeal, Millsap contends that the circuit court erred in dismissing the petition because it failed to grant relief on his claim in the habeas petition that a judgment of commitment sentencing Millsap to "life without parole" on a capital-murder charge was facially invalid. We affirm the order dismissing the petition.

In 1998, Millsap entered negotiated guilty pleas in the Pulaski County Circuit Court to charges of capital murder, first-degree terroristic threatening, and second-degree battery. The judgment Millsap attached to the habeas petition reflects that Millsap received a sentence of life without parole on the capital-murder charge. Millsap also attached to his petition a copy of the docket listing for the trial court, which indicates that the death penalty

---

[1] As of the date of this opinion, Millsap remains incarcerated in Lincoln County.

SLIP OPINION

was waived. Millsap does not contest the judgment concerning the other charges, but he contends, both in the petition and on appeal, that the trial court did not have authority under the applicable statutes to enter a sentence of life without parole for the capital-murder charge.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, unless a petitioner for the writ alleges his actual innocence and proceeds under Act 1780 of 2001 Acts of Arkansas, he is required to plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). A petitioner in proceedings for a writ of habeas corpus must show that the trial court lacked jurisdiction or that the commitment was invalid on its face, or there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Millsap alleged that the judgment was illegal on its face, and he contends that he has shown probable cause for a finding of illegal detention because he has shown that the trial court lost jurisdiction to impose the sentence when the State waived the death penalty. Arkansas Code Annotated section 16-89-108(b) (Repl. 2005) states that, in those cases where the death penalty has been waived, "punishment cannot be fixed at more than life imprisonment." Millsap asserts that the imposition of the sentence that he received, life without parole, was barred by this statutory requirement. Millsap contends that, because he can only be sentenced under that statute to life, his conviction must be void. Millsap alleges

the sentence may not be reduced to a "life" sentence because, under Arkansas Code Annotated section 5-10-101 (Repl. 1997), the only two possible sentences for a conviction of capital murder are death or life imprisonment without parole. Millsap argues that this conflict in statutory intent must be resolved in his favor, and that the sentence imposed was in excess of that permitted.

The circuit court considering the habeas petition found that Millsap's sentence was within the statutory range for capital murder and that Millsap failed to demonstrate probable cause for issuance of the writ. A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id.* On appeal, however, we consider any statutory interpretation de novo and give no deference to the circuit court's interpretation. *State v. Thomas*, 2014 Ark. 362, 439 S.W.3d 690. In this case, the circuit court's order was not clearly erroneous, and, following clear precedent, its statutory interpretation was also correct.

As the circuit court noted in its order, this court has considered this issue and rejected Millsap's argument. In *Butler v. State*, 261 Ark. 369, 549 S.W.2d 65 (1977), we noted that the intermediate punishment of life imprisonment without parole did not exist when the act codified by section 16-89-108 was passed. In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to

be derived from the whole. *Thomas*, 2014 Ark. 362, at 4, 439 S.W.3d at 692. Statutes relating to the same subject must be construed together and in harmony, if possible. *Id.*

It is true that penal statutes are to be strictly construed, and all doubts are to be resolved in favor of the defendant. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. Even a penal statute, however, must not be construed so strictly as to defeat the obvious intent of the legislature. *Id.* As we concluded in *Butler*, the two statutes here can be read in harmony. The legislature's intent in section 16-89-108(b) was clearly that, once waived, the waiver could not be disregarded and the death penalty imposed. It was not, as Millsap contends, the legislature's intent to prohibit any imposition of the only permissible alternative sentence under section 5-10-101, life imprisonment without parole. Accordingly, the circuit court did not err in declining to grant relief on the claim in the habeas petition.

Affirmed.