SLIP OPINION

Cite as 2017 Ark. 265

# SUPREME COURT OF ARKANSAS

No. CR-16-432

| | |
|---|---|
| NICHOLAS R. HOLLOWAY<br>APPELLANT | **Opinion Delivered** October 5, 2017 |
| V. | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT<br>[NOS. 43CR-13-107 & 43CR-14-140] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE SANDY HUCKABEE, JUDGE |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

On March 13, 2013, Appellant Nicholas R. Holloway was charged, by felony information filed in the Lonoke County Circuit Court, with capital murder, firearm enhancement, and tampering with physical evidence. Holloway's charges stem from the shooting death of Hubert Jackson. On April 23, 2014, the felony information was amended to include the aggravating circumstances that the capital murder was committed for pecuniary gain and in an especially cruel or depraved manner.

On May 2, 2014, Holloway pleaded guilty to the reduced charge of murder in the first degree and to tampering with physical evidence in exchange for his truthful testimony against his codefendant, Jeremy Davis.[1] During the hearing on Holloway's guilty plea and in

---

[1]On April 15, 2014, Holloway was charged, by separate felony information in case number 43CR-14-140, with possession or use of a weapon by an incarcerated person. As part of his plea agreement, the State agreed that 43CR-14-140 would be nolle prossed. The motion to nolle pros was granted during Holloway's May 2, 2014 plea hearing.

response to questioning by the circuit court, Holloway indicated that he understood the charges he was being charged with; the full range of possible sentences; that no one forced, threatened, intimated or pressured him to plead guilty; and that no one promised him anything in exchange for pleading guilty.[2] Based on Holloway's testimony, the representations of his attorney, and upon review of his guilty-plea agreement, the circuit court found that Holloway knowingly, intelligently, and voluntarily entered his plea of guilty. Holloway then gave detailed testimony regarding the plan to kill Jackson; the ultimate shooting death of Jackson; and his disposal of the gun in a pond.

On May 2, 2014, the sentencing order was entered reflecting that Holloway was sentenced to 420 months' imprisonment in the Arkansas Department of Correction for his first-degree-murder charge and 72 months' imprisonment for his tampering-with-physical-evidence charge, to be served concurrently with his sentence of 420 months' imprisonment.[3]

On July 31, 2014, Holloway filed his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. In his petition, Holloway argued that Ferguson was ineffective because he (1) failed to inform Holloway of his right to suppress incriminating evidence taken from Holloway's cell phone and (2) misinformed Holloway about the effect of his guilty plea by telling Holloway that he would have to serve only 21 years of his 35-year sentence. Further, Holloway contended that no pretrial motions were

---

[2]Holloway was represented by Claiborne Ferguson.

[3]On May 6, 2014, an amended sentencing order was entered. This order contains the same conviction and sentencing information as the May 2, 2014 order.

filed on his behalf. Holloway also explained that he has a learning disability and, historically, a low level of intellectual functioning. Holloway asserted that he did not plead guilty because he actually committed the murder but because he was not informed of his legal rights and he was afraid. In sum, Holloway contended that Ferguson's ineffectiveness resulted in Holloway being prejudiced.

On August 12, 2014, the State filed its response. The State responded that Holloway's argument regarding Ferguson's failure to file pretrial motions was without merit because Ferguson had filed approximately twenty-five pretrial motions. The State noted that Holloway signed the guilty-plea agreement, which stated that he had fully discussed all the facts and circumstances of his case with his attorney and that the plea had been explained to him by his attorney. By signing the agreement, Holloway acknowledged that he was giving up rights, which included the right to appeal and the right to question all facts, circumstances, and evidence, and to raise all legal issues. Further, the State argued that Holloway cannot now appeal the basis for an illegal search or that he was pressured or promised anything for his plea. In any event, the State argued that the police officers obtained a search warrant for Holloway's cell phone.

On December 12, 2014, a hearing was held on Holloway's petition for postconviction relief.[4] Ferguson testified that Holloway "has a pretty severe disability when it comes to reading, if I remember correctly. He's not able to read – – again, I think he knows it and everybody knows it, he does not read very well at all. He – – which surprised me because his

---

[4]Holloway was represented by Danny R. Williams.

academic scores came in fairly high." Ferguson testified that Holloway is dyslexic and has "one of the most severe reading disabilities I've seen in one of my clients, to the point where he would not be considered illiterate because it's not that he hasn't learned or doesn't know how to, he just simply has a physical disability that does not allow him the same opportunity that you and I would have." However, Ferguson explained that he had "no concern about his ability to understand me, never at all." Further, Ferguson testified that he "never had any problems with him assisting me to the point where I believed that it would have been necessary to see if he was able or unable. His assistance was helpful and accurate." In response to questioning regarding the suppression of evidence taken from Holloway's cell phone, Ferguson testified that he discovered that the evidence had been properly obtained. In response to questions regarding Holloway's ability to read the guilty-plea agreement, Ferguson testified that "it's my absolute 100 percent practice that on a guilty plea form, I will read it to my client. I go over it with them so that they can see it and ask them to read it, but I will literally line by line read it to them, never ask them can they or can they not read."

Ferguson further testified, "I will not tell a client what the exact time they're going to serve is, because there's no way for me to control that if they got there and picked up additional charges, act bad and lose jail credit, or whatever, and then obviously my promise to them would subject them to a post conviction to come back and say I promised them an absolute sentence and they didn't get it. It's considered unethical for a defense attorney to promise a client an exact date of release or even to try to be specific about it. He was told what he was pleading to. He was told what those years were." At the close of the hearing,

SLIP OPINION

the circuit court announced that it would take Holloway's case under advisement.

On December 16, 2014, the circuit court entered its order denying Holloway's petition for postconviction relief. On January 12, 2015, Holloway filed his notice of appeal. On April 10, 2015, Holloway filed a motion for extension of time to file the transcript on appeal. The circuit court granted two extensions, and the last order was entered on April 13, 2015, which extended the time for filing the transcript by thirty days. However, despite these extensions, Holloway failed to timely file the transcript.

On December 2, 2015, Holloway filed a pro se petition for writ of error coram nobis in the Lonoke County Circuit Court. In his petition, Holloway argued that his plea had been coerced due to his mental condition at the time of his guilty-plea hearing. First, Holloway contended that his plea was involuntarily and unintelligently made due to his inability to comprehend the nature of his charges and sentence. Second, Holloway argued that his guilty plea was coerced because the State misled him as to the amount of time he would be sentenced to serve.

On December 22, 2015, the State filed its response. As to Holloway's claim of incompetence, the State responded that Holloway's claim is wholly without merit. As to Holloway's claim that he was misled by the State about the possible sentence he would receive, the State responded that he signed the guilty-plea agreement stating that he could receive up to life imprisonment for the charges to which he pleaded guilty.

On February 10, 2016, the circuit court entered an order denying and dismissing Holloway's December 2, 2015 petition for writ of error coram nobis. On March 4, 2016,

Holloway filed his notice of appeal of the February 10, 2016 order.

On March 9, 2016, Holloway filed his second petition for writ of error coram nobis. In the petition, Williams admitted fault and stated that "[d]ue to circumstances beyond the control of the petitioner, undersigned counsel did not file a petition to proceed in forma pauperis, to cover the circuit court's costs for preparation of the pleadings of record in the petitioner's case. Undersigned counsel accepts full responsibility for the error, which resulted in the appellate record not being filed before May 13, 2015, the final date for filing as extended by the Court." The petition also stated that Holloway intends to "pursue any remedy he has remaining on appeal, which is a Petition for Rule on the Clerk." As a basis for the writ of error coram nobis, Holloway explained that it was discovered at his Rule 37 hearing that he has "a history of borderline intellectual functioning and a learning disability that would have prevented [Holloway] from understanding the written documents he signed in entering his guilty plea."

On March 24, 2016, the circuit court entered an order denying and dismissing his March 9, 2016 second petition for writ of error coram nobis. On April 20, 2016, Holloway filed his notice of appeal from the March 24, 2016 order.

On May 13, 2016, in this court, Holloway filed a motion for rule on clerk. On June 2, 2016, we entered an order that stated, "MOTION FOR RULE ON CLERK GRANTED; PETITION TO PROCEED IN FORMA PAUPERIS TO BE FILED WITH THIS COURT; PETITION FOR WRIT OF CERTIORARI TO COMPLETE THE RECORD TO BE FILED WITH THIS COURT." On July 18, 2016, Holloway filed his

petition for writ of certiorari to complete the record. On August 2, 2016, Holloway filed his petition for leave to proceed in forma pauperis. On September 8, 2016, we entered an order granting Holloway's petition for writ of certiorari and petition for leave to proceed in forma pauperis with the complete record due on October 7, 2016. Holloway's record was timely filed on October 7, 2016.

Before considering Holloway's arguments on appeal, we must first determine the scope of our decision to grant Holloway's motion for rule on clerk. Holloway's motion for rule on clerk was entitled "MOTION FOR RULE ON THE CLERK AND TO PROCEED IN THE LONOKE COUNTY CIRCUIT COURT ON PETITION FOR WRIT OF ERROR CORAM NOBIS." We have held that motions should be liberally construed and that courts should not be blinded by titles but should look to the substance of the motions to ascertain what they seek. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997) (citing *Cornett v. Prather*, 293 Ark. 108, 737 S.W.2d 159 (1987)). A review of the substance of Holloway's motion demonstrates that Holloway was requesting to lodge an appeal of the denial of his Rule 37 petition:

> 1. That the transcript on the *original appeal* of this case was due for filing in the Arkansas Court of Appeals on Monday, April 13, 2015.
>    . . . .
>
> 9. Appellant cannot proceed on either the *original appeal* from the denial of his Petition Under Rule 37 or his Petition for Writ of Error Coram Nobis unless this Court grants or denies his Motion for Rule on the Clerk and grants the Appellant's request to pursue a Petition for Writ of Error Coram Nobis in the Lonoke County Circuit Court.
>
> 10. Movant believes the Court should *grant his Motion for Rule on the Clerk and allow the original appeal* to be docketed and that a briefing schedule

should be issued.

11.     If the Court denies the Appellant's Motion for Rule on the Clerk, Movant believes, that, in the interest of justice, the Court should enter an Order permitting the Appellant to proceed in the Lonoke County Circuit Court on the Petition for Writ of Error Coram Nobis, which has already been filed in that Court.

WHEREFORE, the Movant prays that the Court Order the Clerk of the Court to docket the appeal, Order a complete record of proceedings in the Lonoke County Circuit Court and set a Briefing Schedule to allow Appellant's case to move forward through the avenue of judicial appeal. *In the alternative*, Movant prays that the Court remand this matter to the Lonoke County Circuit Court with instructions that Appellant may proceed in that Court on his Petition for Writ of Error Coram Nobis.

(Emphasis added.) In his motion, Holloway consistently referred to his Rule 37 petition as his "original appeal." He sought to proceed on his "original appeal" or in the alternative, if we denied his motion for rule on clerk, he sought to return to the Lonoke County Circuit Court to proceed on his petition for writ of error coram nobis. Based on the foregoing, we conclude that we granted Holloway's motion for rule on clerk only as to his Rule 37 petition. Stated differently, our decision to grant Holloway's motion for rule on clerk only granted Holloway permission to lodge an appeal of the denial of his Rule 37 petition.

Because our decision to grant Holloway's motion for rule on clerk encompassed only his Rule 37 claims, our review is limited to the denial of Holloway's petition for postconviction relief. Although in Holloway's July 31, 2014 petition for postconviction relief he developed two ineffective-assistance-of-counsel claims, his briefs before this court fail to include any arguments supporting his ineffective-assistance-of-counsel claims. On appeal, Holloway has clearly abandoned his arguments regarding the ineffectiveness of his trial counsel. Instead, Holloway focuses on the denial of his petitions for writ of error coram

nobis. Issues raised below but not argued on appeal are considered abandoned. *State v. Johnson*, 374 Ark. 100, 102 n.2, 286 S.W.3d 129, 131 n.2 (2008) (citing *Jordan v. State*, 356 Ark. 248, 147 S.W.3d 691 (2004)). Accordingly, because Holloway has abandoned his Rule 37 claims on appeal, we must affirm the circuit court's denial of his Rule 37 petition.

Affirmed.

*Danny R. Williams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.