Cite as 2020 Ark. 38

# SUPREME COURT OF ARKANSAS
No. CR-19-615

| | |
|---|---|
| LEE CHARLES MILLSAP, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 30, 2020<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-97-865]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br><u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Lee Charles Millsap, Jr., appeals the circuit court's denial of his pro se petition and amended petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). We affirm the circuit court's order because Millsap did not establish that the sentence being challenged was illegal.

## I. *History*

In 1998, Millsap entered negotiated pleas of guilty to charges of capital murder, first-degree terroristic threatening, and second-degree battery. The State waived the death penalty for capital murder, and Millsap was sentenced to life imprisonment without the possibility of parole. A term of six-years' imprisonment was imposed for each of the other offenses, to be served concurrently.

## II. *Standard of Review Under Section 16-90-111*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Jackson v. State*, 2018 Ark. 291, 558 S.W.3d 383. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288.

## III. *Section 16-90-111*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Jenkins v. State*, 2017 Ark. 288, 529 S.W.3d 236. An illegal sentence is one that is illegal on its face. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal when it exceeds the maximum sentencing, as set out by statute, for the offense of which the defendant was convicted. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40. The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Latham v. State*, 2018 Ark. 44.

## IV. *The Legality of a Sentence of Life Without Parole for Capital Murder*

We first note that in 2016, Millsap filed a petition for writ of habeas corpus in the circuit court in the county where he was incarcerated. As grounds for the writ, he argued

that the sentence of life without parole for capital murder was illegal on its face because

Arkansas Code Annotated section 16-89-108(b) (Repl. 2005) provides that in those cases in

which the death penalty has been waived, punishment could not be fixed at more than life

imprisonment.  Millsap asserted that the imposition of the sentence that he received--life

without parole--was barred by this statutory requirement; thus, his sentence of life without

parole was void.  He further argued that his sentence could not legally be reduced to a

"life" sentence because under Arkansas Code Annotated section 5-10-101 (Repl. 1997), the

only two possible sentences for a conviction of capital murder are death or life

imprisonment without parole. Millsap contended that this conflict in statutory intent must

be resolved in his favor, establishing that the sentence imposed on him for capital murder

was in excess of that permitted.  The petition was dismissed by the circuit court, and

Millsap appealed from the order.

On appeal, this court upheld the circuit court's decision that Millsap failed to

establish that his sentence for capital murder was excessive and invalid.  *Millsap v. Kelley*,

2016 Ark. 324, 499 S.W.3d 207 (per curiam).  We noted in that opinion that Millsap's

argument challenging the legality of a sentence of life without parole for capital murder

had been considered and rejected by this court in *Butler v. State*, 261 Ark. 369, 549 S.W.2d

65 (1977).

In the petition under section 16-90-111 at issue in this appeal, Millsap reiterated the

claim that he had raised in his 2016 petition for writ of habeas corpus that was rejected by

the circuit court and decided adversely to him on appeal.  We need not repeat the analysis

3

set out in *Millsap*, 2016 Ark. 324, at 3–4, 499 S.W.3d at 209, in which we concluded that Millsap's sentence to life without parole did not contravene the mandatory sentence set forth by statute and was a legal sentence.

V. *The Effect of Millsap's Plea Statement on the Legality of the Sentence Imposed*

Millsap next alleges that the sentence imposed was facially illegal because he signed the plea agreement before he entered his plea of guilty, but he did not initial each item on it. He asserts that because the paragraph at the beginning of the plea statement contains the words "you must answer each of the following questions and initial your response," the plea statement was invalid and negated the subsequent guilty plea and thus violated his constitutionally protected "liberty interest." In his brief on appeal, Millsap expands the allegation to contend that the omission of his initials on the plea statement indicates that his plea was not intelligently and voluntarily entered and demonstrates that he was denied effective assistance of counsel in the plea proceeding. He also questions for the first time whether the circuit court properly conducted the plea hearing.

Even if the assertions concerning the effectiveness of counsel and flaws in the guilty-plea proceeding had been raised below, Millsap could not have established that his sentence for capital murder was illegal. Millsap's allegations concerning the plea statement did not call into question the jurisdiction of the circuit court or the facial legality of the sentence imposed because claims of an involuntary plea or of improper plea procedures do not raise a question of a void or an illegal sentence. *Bell v. Gibson*, 2019 Ark. 127. Section

16-90-111(a) provides no relief for claims that an otherwise facially valid sentence was rendered illegal by some flaw in the plea proceeding.

When the petitioner's grounds for relief under the statute go behind the face of the judgment and do not implicate the facial validity of the judgment, the petitioner is obligated to pursue those claims within the time limits set out in Arkansas Rule of Criminal Procedure 37.2(c)(1). *See Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. Section 16-90-111 is not a substitute for filing a timely petition under Rule 37.1. *Id.* All collateral challenges attacking a plea of guilty or nolo contendere, including claims that the plea was not voluntarily and intelligently entered on advice of competent counsel, are properly raised under the Rule. *Swift*, 2018 Ark. 74, 540 S.W.3d 288.

Affirmed.

*Lee Charles Millsap, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.