Cite as 2021 Ark. 95

# SUPREME COURT OF ARKANSAS

No. CR-20-599

| | |
|---|---|
| STEVEN CHRISTOPHER HAYES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: April 29, 2021<br><br>PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-14-333]<br><br>HONORABLE GRISHAM PHILLIPS, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Steven Christopher Hayes appeals the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Hayes argues the circuit court erroneously denied him relief because at his plea hearing the court did not (1) comply with Rule 24.4 of the Arkansas Rules of Criminal Procedure, (2) inform him, according to Rule 25.3, that the court did not have to accept the recommended sentence, (3) ensure his admission of guilt or that the facts supported the charge, and (4) protect him from pleading guilty to a crime he did not commit. Hayes also contends he did not commit the crimes to which he pleaded guilty. Because Hayes fails to allege that his sentence is facially illegal or that the trial court lacked subject-matter jurisdiction, we affirm.

## I. *Background*

The State charged Hayes with eleven counts of the rape of his minor daughter and three counts of terroristic threatening. Hayes entered a negotiated plea reducing four counts of rape to four counts of first-degree sexual assault. In exchange for his plea, the State dismissed the remaining seven counts of rape and the three counts of terroristic threatening. The circuit court sentenced Hayes to 336 months' imprisonment. Hayes filed a petition for writ of habeas corpus, which was denied, alleging that the circuit court lacked jurisdiction for accepting his guilty plea before his mental evaluation was filed. We affirmed the denial. *Hayes v. Kelley*, 2020 Ark. 79. Hayes also filed three petitions for writ of error coram nobis alleging that (1) he was insane at the plea hearing, (2) his guilty plea was coerced, and (3) that the State withheld material evidence of the victim's inconsistent statements. We affirmed. *Hayes v. State*, 2020 Ark. 311, 608 S.W.3d 142.

II. *Arkansas Code Annotated Section 16-90-111*

This court will overturn a circuit court's decision to deny relief pursuant to section 16-90-111 only if that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that there has been a mistake. *Id.*

Section 16-90-111(a) gives authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose or it gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is a matter of statute in Arkansas. *Id.* The petitioner seeking relief under

2

section 16-90-111(a) carries the burden of showing that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or the facial validity of the judgment. *Id.*

### III. *Claims for Relief*

Hayes's claims below and now on appeal allege that the trial court failed to (1) comply with Rule 24.4 of the Arkansas Rules of Criminal Procedure, (2) comply with Rule 25.3, (3) ensure his admission of guilt or that the facts supported the charge, and (4) safeguard him from pleading guilty to a crime he did not commit. Hayes claims he is innocent. None of these claims assert that his sentence is facially illegal or that the circuit court lacked subject-matter jurisdiction. Thus, Hayes's claims fail to state a ground for relief pursuant to Arkansas Code Annotated section 16-90-111.

Hayes's claims go behind the face of the judgment and do not implicate its facial validity. He could have raised these claims in a Rule 37.2(c) petition, filed within ninety days of the date of the December 2014 sentencing order. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. Yet he did not timely file a Rule 37.2(c) petition, and the time limitations imposed in Rule 37.2(c)(i) are mandatory. *Id.* A petition under section 16-90-111 is not a substitute for timely petitioning under Rule 37.2(c). *Id.*

Furthermore, Hayes's sentence was for an aggregate 336 months—or twenty-eight years' imprisonment—for the offense of first-degree sexual assault. First-degree sexual assault is a Class A felony offense. Ark. Code Ann. § 5-14-124(d) (Repl. 2006). A Class A felony carries a maximum sentence of thirty years' imprisonment, making Hayes's sentence legal on its face. Ark. Code Ann. § 5-4-401(a)(2) (Repl. 2006). The circuit court did not clearly err when it denied Hayes's petition to correct an illegal sentence.

Affirmed.

*Steven C. Hayes*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.