Cite as 2023 Ark. 172

# SUPREME COURT OF ARKANSAS
**No.** CR–23–32

| | |
|---|---|
| JOHN PATRICK CULLEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** November 30, 2023<br><br>PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-18-246]<br><br>HONORABLE RALPH C. OHM, JUDGE<br><br><u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

John Patrick Cullen appeals the Garland County Circuit Court's denial of his petition for leave to proceed in forma pauperis, for extraordinary writ, and to set aside and vacate his judgment. On appeal, Cullen contends: (1) prosecutorial misconduct; (2) a violation of due process regarding a motion to dismiss filed below; (3) the trial court lacked jurisdiction to try the second-degree sexual assault charge because the elements of forcible compulsion were not met; and (4) there was a lack of probable cause and other issues with his arrest warrant, resulting in Fourth Amendment violations. Because Cullen fails to allege facts to support his claim that he is entitled to an extraordinary writ or to have his sentence vacated, we affirm the denial of relief.

I. *Facts*

Cullen pled guilty on September 16, 2019, to second degree sexual assault and was sentenced to seventy-two months' imprisonment. On September 21, 2022, Cullen filed a

petition for leave to proceed in forma pauperis seeking to file an extraordinary writ for "sex-offender registration-venue change." In the petition for extraordinary writ, Cullen sought to change his sex-offender registration agency from the Hot Springs Police Department to the Garland County Sheriff's Department, contending a conflict of interest because of an ongoing civil matter with certain persons who worked for the Hot Springs Police Department and the City of Hot Springs. On the same date, Cullen also filed a petition for leave to proceed in forma pauperis and a motion/petition to set aside or vacate judgment. In the petition to set aside or vacate, Cullen claimed that he had filed a motion to dismiss that was not addressed by the trial court, which violated his constitutional rights, and that he could not be convicted or charged with second-degree sexual assault because forcible compulsion, an element of the offense, had not been established. The circuit court entered an order denying relief, noting that Cullen's pleadings sought to reverse and change his sex-offender registration venue and his conviction. The circuit court found that Cullen failed to state a cause of action upon which relief could be granted and that the petitions failed to assert any grounds for which Cullen could successfully pursue those claims. It is from that denial that Cullen now appeals

## II. *Analysis*

Our standard of review of a decision to grant or deny a petition to proceed in forma pauperis is abuse of discretion, and the circuit court's factual findings will not be reversed unless clearly erroneous. *Berger v. Bryant*, 2020 Ark. 157, 598 S.W.3d 36. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Rea v. Kelley*, 2019 Ark. 339, 588 S.W.3d 715. If the underlying petition clearly fails to state a colorable cause of

2

action, there has been no abuse of discretion, and this court may summarily affirm the denial of in forma pauperis status. *Clemmons v. Kelley*, 2019 Ark. 313.

In his petition for extraordinary writ, Cullen requested not that he be freed of the requirement to register as a sex offender but, rather, that his requirement to register be transferred to the Garland County Sheriff's Office from the Hot Springs Police Department. On appeal, Cullen made no arguments regarding the circuit court's denial of the petition to proceed in forma pauperis with respect to the extraordinary writ, except his prayer for relief that asked this court to "remove [him] from having to register as a sex offender, ever, as justice demands." Issues raised below but not argued on appeal are considered abandoned. *Holloway v. State*, 2017 Ark. 265. Moreover, this court will not consider arguments raised for the first time on appeal. *Tucker v. State*, 2023 Ark. 69, 664 S.W.3d 428. This court will not research or develop arguments for appellants, and Cullen's conclusory claim that the requirement to register as a sex offender should be removed entirely is not preserved for this court's review. *See Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107.

In his petition to set aside or vacate judgment, Cullen argued that the circuit court failed to rule on a motion to dismiss, which violated his constitutional rights, including his right to due process and he could not be convicted or charged with second-degree sexual assault due to the lack of proof establishing the element of forcible compulsion. On appeal, Cullen maintains these two claims. Cullen additionally argues misconduct by the prosecutor and a Fourth Amendment violation with respect to the arrest warrant and lack of probable cause. Cullen's claims of prosecutorial misconduct and a Fourth Amendment violation are raised for the first time on appeal and will not be addressed. *See Van Winkle v. State*, 2016

3

Ark. 98, at 14–15, 486 S.W.3d 778, 788 (holding that an argument was not preserved for appellate review and this court was precluded from review on appeal because the trial court had not provided a ruling on the argument).

Although Cullen's petition is not labeled as a petition under Rule 37.1 of the Arkansas Rules of Criminal Procedure, a pleading that mounts a collateral attack on a judgment is governed by the provisions of our postconviction rule, Rule 37.1. *Lantham v. State*, 2018 Ark. 44. There is a provision in Arkansas Code Annotated section 16-90-111 (Repl. 2016) that allows the circuit court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *Id.* While the time limitations on filing a petition under section 16-90-111 on the ground that the sentence was imposed in an illegal manner were superseded by Rule 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Id.* Cullen's petition contends his conviction resulted from a violation of his constitutional rights, and he challenges the manner in which he was sentenced; as such, his claims go beyond the face of the judgment and do not implicate its facial validity. *See Hayes v. State*, 2021 Ark. 95. Cullen's claims are subject to the limitations set forth in Rule 37.2(c). *See Dillon v. State*, 2023 Ark. 78, 665 S.W.3d 235.

If a conviction was obtained on a plea of guilty, a petition claiming relief under the Rule must be filed in the appropriate circuit court within ninety days of the date of entry of judgment. *See* Ark. R. Crim. P. 37.2(c)(i) (2019). Here, Cullen's petition was filed approximately thirty-six months—or three years—after entry of his guilty plea, making his

4

petition untimely. The time limitations imposed in Rule 37.2(c) are mandatory. *Hayes*, 2021 Ark. 95. If they are not met, a trial court shall not consider the merits of the petition and grant postconviction relief. *See Woodward v. State*, 2020 Ark. 307, 608 S.W.3d 580. Because the Rule 37.1 petition filed by Cullen was not timely filed, he was not entitled to proceed as an indigent with respect to it.[1] *Grant v. State*, 2011 Ark. 309 (per curiam).

Affirmed.

WOOD, J., concurs.

*John Patrick Cullen*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.

---

[1]This court will affirm the circuit court's decision when it reached the right result, even if it did so for the wrong reason. *Barnett v. State*, 2020 Ark. 181, 598 S.W.3d 835.