ROBIN F. WYNNE, Associate Justice
On June 7, 2018, petitioner Xavier Redus filed in the trial court a pro se petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). The trial court denied the petition. Redus did not timely file a notice of appeal, and now before us is his pro se motion for rule on clerk seeking to proceed with the appeal. As the notice of appeal was untimely, we treat the motion as a motion for belated appeal. Latham v. State , 2018 Ark. 44, 2018 WL 897481.
We need not consider Redus's reasons for not filing a timely notice of appeal because it is clear from the record that Redus's petition was wholly without merit, and he could not prevail on appeal. Fischer v. State , 2017 Ark. 338, 532 S.W.3d 40 (The merits of a motion for rule on clerk to file a record belatedly were not considered as it was clear from the record the petitioner could not prevail on appeal because he had failed to argue that his sentence was illegal on its face pursuant to section 16-90-111.). Accordingly, Redus's motion to proceed with an appeal is denied.
This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. Fischer , 2017 Ark. 338, 532 S.W.3d 40. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. An appeal from an order that denied a petition for postconviction relief, including a petition filed under section 16-90-111, will not be permitted to go forward when it is clear that there would be no merit to the appeal. Gardner v. State , 2017 Ark. 230, 2017 WL 3300528 ; see also Justus v. State , 2012 Ark. 91, 2012 WL 664259.
In 2005, Redus entered a negotiated plea of guilty to eight counts of aggravated robbery and eight counts of theft of property, for which a cumulative sentence of *471 336 months' imprisonment was imposed. In 2011, Redus filed in the trial court a petition to correct an illegal sentence under section 16-90-111 (Repl. 2006). He contended, among other allegations, that his sentence was illegal because it exceeded the presumptive sentences for the crimes of which he was convicted, the habitual-offender enhancement was not properly applied to his sentence, and he was denied effective assistance of counsel. The trial court denied the petition, and Redus appealed. We dismissed Redus's appeal from the order because there was no ground stated in the petition that established that the sentence imposed in 2005 was illegal. Redus v. State , 2013 Ark. 9, 2013 WL 7851469 (per curiam).
In his 2018 petition, Redus again claimed that his sentence exceeded the presumptive sentences, the habitual-offender enhancement was misapplied to his sentence, and he was denied effective assistance of counsel. He also argued that the State did not abide by the sentencing guidelines and that the issue of whether he was a habitual offender should have been decided by a jury.
Section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. Jenkins v. State , 2017 Ark. 288, 529 S.W.3d 236. An illegal sentence is one that is illegal on its face. Jackson v. State , 2018 Ark. 209, 549 S.W.3d 346. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. Swift v. State , 2018 Ark. 74, 540 S.W.3d 288. Sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal when it exceeds the statutory maximum, as set out by statute, for the offense for which the defendant was convicted. Fischer , 2017 Ark. 338, 532 S.W.3d 40.
The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. Latham , 2018 Ark. 44. Therefore, Redus was entitled to no relief under section 16-90-111 unless he established that the judgment in his case was illegal on its face. This court has held that any claim that the sentence was imposed in an illegal manner, as opposed to a claim that the sentence is facially illegal, is governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2017). See Stewart v. State , 2018 Ark. 166, 546 S.W.3d 472. Because Redus's allegations in this petition went behind the face of the judgment and did not implicate the facial validity of the judgment, he was obligated under Rule 37.2(c)(1) to pursue those claims within ninety days of the date that the judgment was entered following his guilty plea in 2005. The time limitations imposed in Rule 37.2(c) are mandatory. Jackson , 2018 Ark. 209, 549 S.W.3d 346. If the time for relief under Rule 37.2 has expired, section 16-90-111 provides no relief for claims that a sentence was illegally imposed; that is, a petition under section 16-90-111 is not a substitute for filing a timely petition under Rule 37.1. See Stewart , 2018 Ark. 166, 546 S.W.3d 472.
When this court dismissed Redus's appeal from the petition he filed in 2011, it was noted that Redus had pleaded guilty to eight counts of aggravated robbery, a Y felony. See Ark. Code Ann. § 5-12-103 (Repl. 2005). He was sentenced as a habitual offender on each count to 336 months' imprisonment, with all sentences to run concurrently. The statutory range for a habitual offender on each count was ten years to life. See Ark. Code Ann. § 5-4-501(b)(2)(A) (Repl. 1997). He also pleaded guilty to eight counts of theft of property, an A misdemeanor under Arkansas Code Annotated section 5-36-103(b)(4) (Supp.
*472 2003), for which he received 12 months' imprisonment. The sentence for an A misdemeanor may not exceed one year. See Ark. Code Ann. § 5-4-401(b)(1) (Repl. 1997). The sentences for the misdemeanors were merged with the sentences for aggravated robbery, as required by Arkansas Code Annotated section 5-4-403(c). Thus, we have already held that Redus's sentence was clearly within the prescribed statutory range and was not illegal. Redus , 2013 Ark. 9. The trial court's denial of this most recent claim for relief under section 16-90-111 was not error.
Motion treated as a motion for belated appeal and denied.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I dissent for the reasons outlined in Gray v. State , 2018 Ark. 79, 540 S.W.3d 658 (Hart, J., dissenting). The only matter properly before us at this juncture is Mr. Redus's motion for belated appeal. This court does not yet have jurisdiction to rule on the merits of Mr. Redus's appeal.