Cite as 2021 Ark. 36

# SUPREME COURT OF ARKANSAS
No. CR-20-243

| | | |
|---|---|---|
| ALBERT DIRICKSON | | Opinion Delivered: March 4, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT [NOS. 67CR-95-87; 67CR-95-88; 67CR-95-89; 67CR-96-10; 67CR-96-9] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Albert Dirickson appeals from the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). The circuit court denied the petition, finding that it was untimely pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. We affirm.

## I. *Background*

In 1996, Dirickson was convicted of three counts of attempted capital murder, one count attempted rape, and one count of residential burglary. The convictions arose when Dirickson entered the home of Lyndell and Nedra Martin—naked, intoxicated, and armed with a hunting knife—and stabbed Mrs. Martin and her two sons. *Dirickson v. State*, 329 Ark. 572, 953 S.W.2d 56 (1997). The direct-appeal record includes the judgment of conviction, which reflects that Dirickson was sentenced to 360 months for each count of attempted capital murder, 360 months for one count of attempted rape, and 240 months for one count of residential burglary. The

sentences were imposed consecutively for an aggregate sentence of 1680 months' imprisonment or 140 years' imprisonment.[1] We affirmed. *Id.* Dirickson subsequently filed a Rule 37.1 petition arguing that counsel was ineffective for failing to file proper motions in a timely manner and that he was denied financial help in hiring a neuropsychologist. The circuit court denied Dirickson's petition, and we affirmed. *Dirickson v. State*, CR 99-795 (Ark. May 17, 2001) (unpublished per curiam).

In the petition to correct an illegal sentence filed in the circuit court and in his argument on appeal, Dirickson alleged that his aggregate sentence of 140 years' imprisonment is illegal because the prosecutor failed to allege an underlying felony as a basis for the charge of attempted capital murder; that the charge of attempted rape of Mrs. Martin is a lesser-included offense of attempted capital murder of Mrs. Martin, and he, therefore, could not be convicted of both offenses; that the evidence failed to demonstrate the requisite intent for each of the attempt charges; and that the circuit court did not exercise its discretion when it imposed the sentences consecutively. On appeal, Dirickson adds allegations not raised below that each offense was committed during an uninterrupted course of conduct and should not have been separately

---

[1]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Williamson v. State*, 2020 Ark. 319, 608 S.W.3d 149. When the judgment was entered, attempted capital murder and attempted rape carried a maximum sentence of thirty years' imprisonment. *See* Ark. Code Ann. § 5-3-203(A)(1) (Repl. 1993) (stating in pertinent part that criminal attempt to commit capital murder and all Y felonies are classified as A felonies); *see also* Ark. Code Ann. § 5-4-401(a)(2) (Repl. 1993) (stating in pertinent part that for a Class A felony the sentence shall be no more than thirty years). Finally, the crime of residential burglary was classified as a Class B felony, which carries a maximum sentence of twenty years' imprisonment. *See* Ark. Code Ann. § 5-39-201(B) (Repl. 1993) and § 5-4-401(a)(3).

charged and that the separate charges were consolidated for trial without an order from the circuit court. This court does not address new arguments raised for the first time on appeal. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. We have held that any claim that the sentence was imposed in an illegal manner, as opposed to a claim that the sentence is facially illegal, is governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2019). *Stewart v. State*, 2018 Ark. 166, 546 S.W.3d 472. A circuit court has

subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *McArty*, 2020 Ark. 68, 594 S.W.3d 54. When a circuit court acts without jurisdiction, however, its orders and judgments are void. *Id.*

## IV. *Claims for Relief*

Dirickson's allegations do not implicate the facial validity of the judgment in that Dirickson does not contend that the sentences imposed exceed the maximum sentences for the offenses for which he was convicted. *McArty*, 2020 Ark. 68, 594 S.W.3d 54. Dirickson's allegation that the prosecution failed to charge and prove an underlying felony for the capital-murder charge does not implicate the facial validity of the judgment. Moreover, a review of Dirickson's direct-appeal record reveals that he was not charged with felony capital murder but was instead charged with engaging in conduct that constituted a substantial step intended to culminate in the commission of capital murder with the premeditated and deliberated purpose to cause the death of another person. Therefore, Dirickson's convictions for attempted capital murder were not based on an attempt to commit an underlying felony, and his claims in this regard not only fail to demonstrate that his sentences are illegal on the face of the judgment but also fail to demonstrate that they are supported by the direct-appeal record.

Dirickson contends that attempted rape is a lesser-included offense of attempted capital murder and that he could not be convicted of both offenses. This claim is not cognizable in petitions filed pursuant to section 16-90-111 because it is based on an allegation that his conviction and sentence violated double jeopardy as set forth in Arkansas Code Annotated

4

section 5-1-110 (Supp. 1995). We have held that the claim that multiple convictions violated the provision against double jeopardy constitutes an assertion that the judgment was imposed in an illegal manner, not that the judgment is facially invalid. *Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156. Accordingly, double-jeopardy claims should have been raised at trial or in a postconviction petition filed pursuant to Rule 37.1, and a petition under section 16-90-111 is not a substitute for raising a claim under the Rule. *Id.*

The same is true for Dirickson's claim that there was insufficient evidence to support his intent to commit the crimes for which he was convicted when he entered the residence of the victims. A challenge to the sufficiency of the evidence to convict does not implicate the facial validity of the judgment under section 16-90-111. *White v. State*, 2018 Ark. 81, 540 S.W.3d 291.

To the extent that Dirickson's final claim alleges that the circuit court did not have jurisdiction to impose consecutive sentences, he is mistaken. It is well established that the question whether two separate sentences should run consecutively or concurrently lies solely within the province of the circuit court. *Rickman v. State*, 2020 Ark. 138, 597 S.W.3d 622 (citing *Brown v. State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Abdullah v. State*, 290 Ark. 537, 720 S.W.2d 902 (1986)).

In sum, Dirickson failed to carry his burden of demonstrating that his consecutive sentences for three counts of attempted capital murder and one count each of attempted rape and residential burglary are facially illegal. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. The circuit court did not clearly err by denying Dirickson's petition as untimely pursuant to Rule 37.2(c) of the Arkansas Rules of Criminal Procedure.

Affirmed.

*Albert Dirickson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.