Cite as 2021 Ark. 48

# SUPREME COURT OF ARKANSAS

No. CR–20–502

| | |
|---|---|
| RONNIE FLOW, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** March 4, 2021<br><br>PRO SE APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-16-15]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br><u>AFFIRMED</u>. |

**BARBARA W. WEBB, Justice**

Appellant Ronnie Flow, Jr., appeals from the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Flow alleged that a notation on the sentencing order made by the prosecutor that Flow was not eligible for parole rendered the order facially illegal. The circuit court denied the petition. We affirm.

## I. *Background*

Flow was originally charged with two counts of rape involving an eleven-year-old victim and a thirteen-year-old victim. On May 30, 2017, Flow entered a negotiated plea and pleaded guilty to two counts of second-degree sexual assault. Flow was sentenced by the court on the first count to 240 months' imprisonment, and on the second count, Flow was sentenced to sixty months' imprisonment followed by 180 months' suspended imposition of sentence. The terms of imprisonment were imposed consecutively for an aggregate term of 300 months' imprisonment. The face of the sentencing order also states that Flow was convicted of two previous sexual offenses: the first conviction occurred in Columbia County, case number 14CR-96-143, and the second

conviction for a sexual offense occurred in Ouachita County, case number 52CR-98-136. After the circuit court denied his petition, he appealed to this court.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

## IV. *Claims for Relief*

Flow alleges that his sentencing order is illegal on its face because the prosecutor noted on the order that Flow was not eligible for parole pursuant to Arkansas Code Annotated section 16-93-609 (Repl. 2016). Flow insists that section 16-93-609 is inapplicable because he did not commit

2

previous offenses and that the notation by the prosecutor on the sentencing order was made "after" the circuit court signed the order. According to Flow, the prosecutor's notation renders the order illegal because it was added without the court's knowledge or approval. Flow is mistaken. In addition to the prosecutor's notation, the body of the sentencing order reflects that Flow had been convicted of two prior sex offenses that occurred in 1996 and 1998.

Section 16-93-609(b)(1) states that any person who commits any felony sex offense who has previously been found guilty or pleaded guilty to any sex offense shall not be eligible for release on parole. Flow offers no evidence to the circuit court that he was not convicted of the two prior felony sexual offenses. He does not contend in his appellant's brief that he was not convicted of the 1996 and 1998 felony sex offenses.[1] Instead, he makes a conclusory allegation that someone at the department of correction cannot determine the existence of his prior offenses for a parole-eligibility determination. Notwithstanding his arguments to the contrary, Ark. Code Ann. § 16-93-609 applies to Flow's current conviction. Flow has failed to demonstrate that his sentences are illegal, and the circuit court did not clearly err when it denied Flow's petition to correct an illegal sentence.

Affirmed.

*Ronnie Flow, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

---

[1]Second-degree sexual assault is a Class B felony. *See* Ark. Code Ann. § 5-14-125(b)(1) (Repl. 2016). A Class B felony carries a maximum sentence of twenty years' imprisonment. *See* Ark Code Ann. § 5-4-401(a)(3) (Repl. 2016).