Cite as 2021 Ark. 134

# SUPREME COURT OF ARKANSAS

**No.** CR–20–690

MICHAEL EUGENE REA

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** June 10, 2021

PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT
[NO. 63CR-13-39]

HONORABLE ROBERT HERZFELD, JUDGE

AFFIRMED.

**BARBARA W. WEBB, Justice**

Appellant Michael Eugene Rea appeals the denial of a petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, Rea contends that the circuit court lacked authority to impose the sentence; the special prosecutor was not authorized to sign the felony information; the felony information was not signed, was not "bear tested," and did not have an official seal from the clerk, making it invalid; and the jury-verdict forms were ambiguous. Because Rea fails to allege facts that support his claim of an illegal sentence, we affirm the denial of relief.

I. *Background*

On December 5, 2013, a Saline County jury found Rea guilty of four counts of computer exploitation of a child in the first degree and twenty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child for which

he was sentenced to an aggregate term of 3720 months' imprisonment. This court affirmed his convictions and sentences. *Rea v. State*, 2015 Ark. 431, 474 S.W.3d 493.

Rea then timely sought postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). In his petition, he argued that trial counsel was ineffective for failing to file a motion to suppress evidence as fruit of an illegal search and seizure based on two searches—the search of the CDs contained in his backpack and the search of his home; that he suffered double-jeopardy violations because all the offenses charged resulted from the same transaction and included elements of the same offense; and that appellate counsel was ineffective. The appeal was dismissed.[1] *Rea v. State*, 2016 Ark. 368, 501 S.W.3d 357 (per curium).

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless it is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

---

[1]Rea filed motions for an extension of time and to use 12-point typeface as well as a motion for certified copies of record. When it is clear from the record that the appellant could not prevail if an appeal of an order that denied postconviction relief is permitted to go forward, we may dismiss the appeal. *Justus v. State*, 2012 Ark. 91. As it was clear from the record that Rea could not prevail on appeal, the appeal was dismissed, rendering the motions for extension of time and use of typeface moot, and the motion for certified copies was denied.

### III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111 gives the circuit court authority to correct a facially illegal sentence—as opposed to one imposed illegally—at any time. Ark. Code Ann. § 16-90-111(a); *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. An illegal sentence is one that is illegal on its face. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* This is because sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the circuit court's jurisdiction or, therefore, the facial validity of the judgment. *Id.*

### IV. *Claims for Relief*

Rea contends that the circuit court "mistakenly characterized an illegal sentence as one that *only* 'exceed[s] the statutory maximum for the offense for which the defendant was convicted.'" Rea argues that the circuit court lacked subject-matter jurisdiction to try him, making his convictions and sentences illegal. Rea is entitled to no relief pursuant to section 16-90-111 unless he established that the judgment in his case was illegal on its face. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. The circuit court determined that Rea's claims centered on a void or defective information and irregularities in the jury-verdict forms. Notwithstanding

the circuit court's finding that Rea's challenges should have been raised pursuant to Rule 37.1, the circuit court further noted that his claims lacked merit. We agree.

Although Rea alleges that his sentence is illegal due to the circuit court's lack of jurisdiction, which resulted in a fundamental error sufficient to void the judgment, Rea's petition fell outside the time limitations to correct a sentence imposed in an illegal manner. As such, any valid claim had to allege facts sufficient to support his allegation that a sentence was illegal on its face because that is the only type of relief related to his sentence that the circuit court could grant.[2] *Redus*, 2019 Ark. 44, 566 S.W.3d 469.

## A. Criminal Information

With these standards in mind, we turn to Rea's arguments—none of which include a claim that his sentences exceeded the statutory maximum. Rather, he challenges the validity of the information and the jury-verdict forms. The circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544. Allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. *Id*.; *see McArty*, 2020 Ark. 68, 594 S.W.3d 54 (trial error does not implicate the jurisdiction of the court). Here, Rea does not contend that his sentences are illegal. Instead, he couches his claim concerning the signature on the information as a jurisdictional defect. *See, e.g.*, *Davis v. Straughn*, 2020 Ark. 169. Specifically, Rea admits that pursuant to Arkansas Code Annotated section 16-

---

[2]The time limitations for filing a petition under section 16-90-111 alleging that a sentence was imposed in an illegal manner are superseded by Rule 37.2(c). *See Lukach v. State*, 2018 Ark. 208, 548 S.W.3d 810.

21-149 (Repl. 1999), the appointment of a special prosecutor was authorized, but his point of contention appears to lie with the claim that he was unaware that an assistant attorney general had been appointed as a special deputy prosecutor until he received the prosecutor's response to the section 16-90-111 petition. In making this claim, he further contends that the appointment had not been released to him during discovery, and any document approving the appointment had not been filed with the clerk. Notwithstanding Rea's claim, an appointment from the prosecutor, which was signed by the circuit judge, appointing the assistant attorney general was filed-marked on January 17, 2013. Nevertheless, this was a fact that would have been known at the time of and during trial and was not suppressed. The appointment of a special prosecutor did not affect the circuit court's jurisdiction and does not serve as a basis for relief pursuant to section 16-90-111.[3]

## B. *Contra Pacem* Clause

Rea claims that even if the appointment of the special prosecutor were valid, the document providing for the appointment would be invalid and nonbinding because it was not signed or bear tested by the clerk, which created a jurisdictional defect depriving the circuit court of jurisdiction. This court has never stated that the inclusion of the *contra pacem* clause "Against the peace and dignity of the State of Arkansas" as required by article 7, section 49 of the Arkansas Constitution—as referenced by Rea—in an indictment or

---

[3]To the extent Rea also contends that the information remains invalid because the special prosecutor crossed out the name of the prosecutor when signing his name, as noted, allegations of a defective information are generally not considered jurisdictional and are instead treated as trial error. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. This court has noted that an information filed in the name of a deputy prosecutor was voidable rather than void. *Benson v. Payne*, 2021 Ark. 18.

information is a condition precedent to the circuit court's obtaining subject-matter jurisdiction over a case. *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994). Inclusion of a *contra pacem* clause, contrary to Rea's contention, goes to the sufficiency of the information and must be raised prior to trial to be preserved for appellate review. *Id.*; *see McNeese v. State*, 334 Ark 445, 976 S.W.2d 373 (1998).

## C. Jury-Verdict Forms

Rea argues that the jury-verdict forms regarding the imposition of sentence were ambiguous because the jury foreman filled in the forms by only writing in the number denoting the length of the sentence in the spaces provided. Specifically, the numbers could have meant years, months, weeks, or days regardless of the notation underneath the blank space, rendering the sentences indeterminate in violation of his right to due process. Although some defects in verdict forms may constitute fundamental error, *Lee v. State*, 2017 Ark. 337, at 8, 532 S.W.3d 43, 52 (citing *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003)), assertions of error concerning jury instructions are allegations of trial error. *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. Trial error does not deprive a court of jurisdiction to enter a judgment. *See Flow v. State*, 2021 Ark. 48, 617 S.W.3d 706; *McArty*, 2020 Ark. 68, 594 S.W.3d 54.

Moreover, Rea's claim has a fundamental defect. Beginning with the charging information and at all relevant times, both Rea and the jury were advised that the pertinent term of incarceration was measured in years. Specifically, the jury-verdict forms attached to Rea's underlying petition note that the terms were "not less than 5 years nor more than 40 years" and "not less than 3 years nor more than 30 years" for each of his respective felony

counts. Contrary to Rea's contention that the jury could have intended the term to be for months, weeks, or days, the sentencing ranges set forth on the verdict forms were for the terms as statutorily determined for the felony classifications and were denoted as a term of years.[4] For the foregoing reasons, the circuit court did not err by denying Rea's requested relief.

Affirmed.

*Michael Rea*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[4]If the jury's intention had been to sentence Rea to a term of months, weeks, or days, Rea's sentences would have been illegal because they would have been below the statutory minimum.