Cite as 2021 Ark. 131

# SUPREME COURT OF ARKANSAS

No. CR–21–15

| | | |
|---|---|---|
| ANTONIO SMITH | | **Opinion Delivered** June 10, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-01-3918] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE LEON JOHNSON, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

Arkansas law provides circuit courts the authority to correct an illegal sentence. A petitioner who files for relief under the statute must allege the sentence is illegal on its face or, at the time of sentence, the sentencing court lacked subject-matter jurisdiction. Because Antonio Smith's petition failed to allege or establish either element, we affirm the circuit court's denial of his petition.

In 2002, Smith pleaded guilty to first-degree murder, and, in accordance with his plea agreement, he was sentenced as a habitual offender to 636 months' imprisonment, or fifty-three years' imprisonment. The judgment of conviction was entered approximately one month later.

Smith petitioned for relief from an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). Smith alleged that his sentence was illegal because (1) it departed from the presumptive sentence; (2) the circuit court did not explain the departure;

(3) he was not allowed the opportunity to be sentenced by a jury and did not waive this right; and (4) his sentence violated the United States Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The circuit court denied his petition, finding that Smith's sentence was not facially illegal in that it fell below the statutory maximum and that the remaining allegations represented claims that the sentence was illegally imposed and were therefore untimely and otherwise without factual support. Smith appealed.

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) gives a circuit court power to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal

2

statutes; typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

Smith was not entitled to relief under section 16-90-111 because he failed to establish that the judgment in his case was illegal on its face. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. A claim that a sentence exceeded the presumptive sentence is a claim that goes behind the face of the judgment and does not implicate the facial validity of the judgment. *Id.* As such, it is a claim that the sentence was imposed in an illegal manner and is therefore governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2020). *Id.*

Smith negotiated a plea to first-degree murder and agreed to a habitual-offender enhancement that resulted in a sentence of fifty-three years' imprisonment. The permitted statutory range for first-degree murder, which is a Class Y felony, is not less than ten years and not more than forty years, or life. *See* Ark. Code Ann. §§ 5-4-401, 5-10-102 (Repl. 1997). According to the plea agreement, Smith had been convicted of three previous felonies and was subject to sentencing as a habitual offender. Under Arkansas Code Annotated section 5-4-501(a)(1), (a)(3)(A) (Repl. 1997), the maximum penalty for a Class Y felony when the offender has previously been convicted of more than one but fewer than four felonies is sixty years' imprisonment. Thus, Smith's sentence of fifty-three years' imprisonment is within the maximum prescribed sentence and is legal on its face.

We also reject Smith's claim that the sentence was an illegal departure from the presumptive sentence due to the circuit court's failure to set forth the reasons for the

departure as mandated by Arkansas Code Annotated section 16–90–804 (Repl. 1999).[1] According to the plea agreement, Smith voluntarily agreed to the sentence before entering his guilty plea, and under those circumstances, section 16–90–804 does not apply. *See Owens v. Payne*, 2020 Ark. 413, 612 S.W.3d 169 (rejecting a challenge to a sentence in a petition for writ of habeas corpus on the basis that the failure to set forth the reasons for a departure from the presumptive sentence rendered the sentence illegal); *see also Waller v. State*, 2020 Ark. 381 (holding the sentencing guidelines from section 16–90–804 inapplicable when a habeas petitioner pleaded guilty). Finally, Smith's contention that he did not waive his right to be sentenced by a jury fails because the plea agreement shows Smith had waived his right to a jury trial.

Affirmed.

WOMACK, J., concurs without opinion.

*Antonio Smith*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[1]In its amended order denying Smith's petition, the circuit court noted that a departure report was, in fact, filed by the circuit court that listed the mitigating and aggravating factors as the basis for a departure.