Cite as 2021 Ark. 180

# SUPREME COURT OF ARKANSAS

**No.** CR-20-122

| | | |
|---|---|---|
| LAJASON J. COAKLEY | | **Opinion Delivered:** October 14, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| V. | | [NO. 46CR-16-661] |
| STATE OF ARKANSAS | | HONORABLE BRENT HALTOM, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant LaJason J. Coakley appeals the denial of a petition to correct illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, Coakley contends that his sentence is illegal on its face because the circuit court lacked authority to sentence him to life imprisonment as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(d) (Repl. 2006). Because Coakley fails to allege facts to support his claim of an illegal sentence, we affirm the denial of relief.

## I. *Background*

A Miller County jury convicted Coakley of one count of first-degree murder for which he was sentenced to life imprisonment without parole. Coakley appealed, arguing that the trial court erred by (1) allowing testimony over his objection involving prior incidents unrelated to the night of the charged murder; (2) denying his motion for directed

verdict; and (3) denying his motion for a jury instruction on justification for manslaughter. We affirmed. *Coakley v. State*, 2019 Ark. 259, 584 S.W.3d 236.

While Coakley's direct appeal was pending, he filed his first pro se petition to correct illegal sentence pursuant to Arkansas Code Annotated section 16-90-111. He claimed he could not be sentenced to life imprisonment without parole for first-degree murder, rendering his sentence invalid on its face. On October 1, 2019, the circuit court entered an amended sentencing order reflecting Coakley's sentence of life imprisonment, and on October 3, the court entered an order finding Coakley's petition moot. Coakley did not appeal the order.

On November 7, Coakley filed a second pro se petition to correct illegal sentence pursuant to Arkansas Code Annotated section 16-90-111.[1] Coakley argued that his sentence is illegal because he does not qualify for a life sentence pursuant to Arkansas Code Annotated section 5-4-501(d). Specifically, he claimed that although he had previously pleaded guilty to two counts of terroristic act, they merged and created only one offense and that his life sentence should be overturned in favor of a term-of-years sentence. The circuit court determined that the life sentence was proper and denied the petition. It is from that denial that Coakley now appeals.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under

---

[1]This court's opinion, *Coakley*, 2019 Ark. 259, 584 S.W.3d 236, issued on October 3, 2019, and the mandate issued on November 14, 2019.

section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) authorizes a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

### IV. *Claims for Relief*

Coakley alleged in his petition below, as he does on appeal, that he was illegally sentenced to life imprisonment as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(d) on the basis of his prior convictions for two counts of terroristic act. Coakley contends that the circuit court erred by denying his petition because, although he had prior felony convictions for offenses enumerated in subdivision (d)(2), the two counts

3

of terroristic act were merged into one count,[2] making the application of section 5-4-501(d) a matter of "double counting," and the circuit court failed to address the merits of that specific contention. Coakley argues that because the life sentence is illegal on its face, it must be set aside. Coakley is entitled to no relief pursuant to section 16-90-111 unless he established that the judgment in his case was illegal on its face. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. He failed to do so.

The permitted statutory range for the offense of first-degree murder, a class Y felony, is not less than ten years nor more than forty years, or life. *See* Ark. Code Ann. §§ 5-4-401, 5-10-102 (Repl. 2013). The statutory range for a habitual offender for the offense of first-degree murder involving two prior violent felony convictions is not less than life. *See* Ark. Code Ann. § 5-4-501(d)(1)(A) (Repl. 2006). Coakley does not dispute—and, in fact, admits on appeal—that he was previously convicted of two counts of terroristic act and that the offense of terroristic act is a "felony involving violence" that subjects him to an extended term of imprisonment. *See* Ark. Code Ann. § 5-4-501(d)(2). However, the crux of Coakley's contention—that his convictions for the two counts of terroristic act were merged into one count after he pleaded guilty—is belied by the fact that he further admits he was given two concurrent sentences. A review of the direct-appeal record demonstrates that a certified copy of Coakley's sentencing order for the two counts of terroristic act was submitted to the circuit court for purposes of sentencing and that the sentencing order indicated that Coakley pleaded guilty to two counts of terroristic act for which he was

---

[2]In support of his claim that his two convictions had merged, Coakley specifically argued that the two concurrent sentences "offered only one opportunity to reform."

sentenced to 120 months' and 72 months' imprisonment, respectively, to be served concurrently.[3] Coakley's sentence was clearly within the prescribed statutory range and is legal on its face. *See Smith v. State*, 2021 Ark. 131; *Redus*, 2019 Ark. 44, 566 S.W.3d 469.

Affirmed.

*LaJason Coakley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[3]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Williamson v. State*, 2020 Ark. 319, 608 S.W.3d 149.