Cite as 2023 Ark. 32

# SUPREME COURT OF ARKANSAS
No. CR-22-547

| | | |
|---|---|---|
| SERANDON STARLING | | Opinion Delivered: March 9, 2023 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| V. | | [NO. 46CR-13-240] |
| STATE OF ARKANSAS | | HONORABLE BRENT HALTOM, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Serandon Starling, appeals the trial court's denial of his pro se petition for postconviction relief filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). For reversal, Starling argues that the trial court erred when it (1) found his petition to be untimely, (2) concluded that his sentence was not invalid on its face, and (3) rendered its decision without a hearing and without entering specific findings of fact and conclusions of law to support its decision. We affirm.

In 2014, a Miller County Circuit Court jury found Starling guilty of first-degree murder and committing a terroristic act for which he was sentenced as a habitual offender to two life sentences plus an additional 180 months' imprisonment for the use of a firearm in the commission of the crimes. Starling's convictions arose after he fired two gunshots—

one into a vehicle's hood and another into that same vehicle's windshield, which caused the death of Andrew "P.J." Cheatham. This court affirmed his convictions and sentences on direct appeal. *Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158.

After his convictions and sentences were affirmed on appeal, Starling sought habeas relief pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016), in which he primarily argued that his convictions for first-degree murder and a Class Y terroristic act were based on the same elements and the same action, thereby violating the prohibition against double jeopardy and Arkansas Code Annotated sections 5-1-110 and 5-3-102 (Repl. 2013). We affirmed the circuit court's denial of relief, finding that Starling's judgment does not show that an illegal sentence was imposed for a Class Y terroristic act and that Starling did not meet his burden of establishing that his double-jeopardy claim is cognizable in a habeas proceeding. *Starling v. Kelley*, 2021 Ark. 15, 615 S.W.3d 386.

Starling filed his petition to correct an illegal sentence on June 24, 2022. The trial court concluded that Starling's petition was not timely filed and that the sentence imposed was not invalid on its face. On July 25, 2022, the trial court denied Starling's petition. Starling filed a timely appeal.

The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Rainer v. State*, 2022 Ark. 159, 651 S.W.3d 713. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with

2

the definite and firm conviction that a mistake has been made. *Millsap v. State*, 2020 Ark. 38.

Section 16-90-111(a) gives a trial court authority to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. Sentencing is entirely a matter of statute in Arkansas. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40. The petitioner seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was illegal. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the trial court or, as a consequence, implicate the facial validity of the judgment. *Id.*

With these authorities in mind, we turn to Starling's appeal. Starling's first two points are interrelated. He contends that the trial court clearly erred when it determined his petition was untimely because, he alleged, his sentence is illegal on its face, and an illegal sentence may be corrected at any time. However, his allegations do not implicate the facial validity of the judgment in that he does not contend that the sentences imposed exceed the maximum

sentences for the offenses for which he was convicted. *McArty*, 2020 Ark. 68, 594 S.W.3d 54. Starling alleges on appeal, as he did below, that when the same conduct establishes the commission of more than one offense, the trial court is "directed" under Arkansas Code Annotated section 5-1-110 to enter judgment solely for the first-degree murder. Starling contends that once the trial court "contravened" the statute and entered a judgment for the lesser-included offense of committing a terroristic act, the court acted without jurisdiction, which resulted in a void and illegal sentence with respect to the terroristic-act conviction.

Starling's lesser-included-offense claim is not cognizable in a petition filed pursuant to section 16-90-111 because it is based on an allegation that his convictions and sentences violated double jeopardy as set forth in Arkansas Code Annotated section 5-1-110 (Repl. 2013). *See Dirickson v. State*, 2021 Ark. 36, 617 S.W.3d 712. We have held that a claim that multiple convictions violate the provision against double jeopardy is an assertion that the judgment was imposed in an illegal manner, not that the judgment is facially invalid. *Id.*; *see also Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156. As such, double-jeopardy claims should have been raised at trial or in a postconviction petition filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure, and a petition under section 16-90-111 is not a substitute for raising a claim under the Rule. *Dirickson*, 2021 Ark. 36, 617 S.W.3d 712.

The time limitations on filing a petition under section 16-90-111(a)–(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Rule 37.2(c). *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Rule 37.2(c)(ii) mandates that a petition seeking relief under

the Rule must be brought within sixty days following issuance of the mandate on direct appeal from the judgment. Starling's petition was filed six years after the mandate in his case had been issued and was untimely under Rule 37.2(c)(ii). *Wesley*, 2019 Ark. 270, 585 S.W.3d 156.

Starling's final point is that the trial court erred when it failed to hold a hearing to consider the section 16-90-111 petition. However, when a petition for postconviction relief is clearly without merit, the trial court may render its decision on the petition without a hearing. *Id.*; *see also Williams v. State*, 2019 Ark. 129, 571 S.W.3d 921. With respect to Starling's claim that the trial court failed to make written findings of fact and conclusions of law when it denied his petition, the trial court found that his petition was untimely and that it should be denied. This court can affirm the denial of postconviction relief when it can be determined from the record that the petition is wholly without merit or when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Turner v. State*, 2016 Ark. 96, 486 S.W.3d 757.

Affirmed.

*Serandon Starling*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.