Cite as 2024 Ark. 8

# SUPREME COURT OF ARKANSAS
**No.** CR–23–111

| | | |
|---|---|---|
| LAJASON COAKLEY | | **Opinion Delivered:** February 1, 2024 |
| | APPELLANT | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT |
| V. | | [NO. 46CR-16-661] |
| STATE OF ARKANSAS | | HONORABLE BRENT HALTOM, |
| | APPELLEE | JUDGE |
| | | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

LaJason Coakley appeals the denial of his petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). He contends that his sentence is illegal on its face because he was not convicted of an underlying felony, which he alleges was required for his first-degree-murder conviction. He is wrong. Coakley's sentence for his first-degree-murder conviction is within the statutory range, and it did not require an underlying felony. As his sentence is not illegal on its face, we affirm the circuit court.

Coakley was convicted by a Miller County jury of first-degree murder in the shooting death of Montel Waller. He was sentenced as a habitual offender to a term of life imprisonment without parole. Coakley filed a direct appeal from his conviction, and we affirmed. *See Coakley v. State*, 2019 Ark. 259, 584 S.W.3d 236. Coakley also petitioned for postconviction relief, contending his sentence was illegal on its face. Yet rather than rule on

the merits, the circuit court entered an amended sentencing order that mooted Coakley's petition.

Subsequently, Coakley filed a second petition to correct an illegal sentence arguing that he did not qualify for a life sentence because the two prior violent convictions—for terroristic acts—needed for a life sentence were merged into only one offense. The circuit court denied relief, and we affirmed on appeal because the amended sentencing order reflected Coakley pleaded guilty to two counts of commission of a terroristic act. *See Coakley v. State*, 2021 Ark. 180. Now Coakley brings his third petition to correct an illegal sentence arguing that his conviction and sentence for first-degree murder are illegal because he was not convicted of an underlying felony. The circuit court denied his latest petition for relief, and he appeals.

This court will reverse a circuit court's decision to deny relief under section 16-90-111 only if that decision was clearly erroneous. *See Harmon v. State*, 2023 Ark. 120, 673 S.W.3d 797. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, has a definite and firm conviction that there has been a mistake. *Id.*

A circuit court has authority to correct an illegal sentence at any time. *See* section 16-90-111(a); *see also Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. A sentence is illegal on its face when it is beyond the circuit court's authority to impose. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner shoulders the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within

the maximum term prescribed by law is not illegal on its face. *See Starling v. State*, 2023 Ark. 32.

Coakley contends that his sentence is illegal on its face because the first-degree murder statute requires an underlying felony, and there was no allegation that he committed murder in conjunction with a felony. But Coakley was charged with first-degree murder under Arkansas Code Annotated section 5–10–102(a)(2) (Supp. 2017). Under subdivision §(a)(2), a person commits first-degree murder if "with a purpose of causing the death of another person, the person causes the death of another person." Coakley was not charged under subdivision (a)(1), which is the commission of first-degree murder "in the course and in the furtherance of the felony or in immediate flight from the felony[,]" as he contends. And Coakley was sentenced to life imprisonment for first-degree murder, a Class Y felony. Ark. Code Ann. § 5–10–102(c) (Supp. 2017). The sentencing range for a defendant convicted of a Class Y felony is not less than ten and not more than forty years, or life. Ark. Code Ann. § 5–4–401(a) (Repl. 2013).

Coakley has offered no grounds in his petition to correct an illegal sentence on which it could be concluded that his sentence was illegal. Coakley's life sentence was within the statutory range and is not facially illegal. We hold the circuit court was not clearly erroneous and affirm.

Affirmed.

WEBB, J., concurs.

*LaJason Coakley*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.