Cite as 2024 Ark. 64
# SUPREME COURT OF ARKANSAS
No. CR-23-318

WESLEY JEFFERSON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** April 18, 2024

PRO SE APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT; MOTIONS FOR EXTENSION OF TIME TO FILE REPLY BRIEF AND TO FILE EXHIBITS WITH REPLY BRIEF [NO. 62CR-05-513]

HONORABLE E. DION WILSON, JUDGE

AFFIRMED; MOTIONS MOOT.

**RHONDA K. WOOD, Associate Justice**

Wesley Jefferson appeals from the circuit court's denial of his pro se petition for postconviction relief pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, Jefferson argues that the circuit court erred by failing to make specific findings. Jefferson does not argue the merits of his petition. He also asks for an extension of time to file a reply brief and to file exhibits. Because the statute under which he seeks relief does not require additional findings, we affirm. His motions are moot.

We will not reverse a trial court's denial under section 16-90-111 unless that decision is clearly erroneous. *Gonder v. State*, 2023 Ark. 122, at 2. Section 16-90-111(a) gives a circuit court authority to "correct an illegal sentence at any time." An illegal sentence is one that is illegal on its face. *Redus v. State*, 2019 Ark. 44, at 3, 566 S.W.3d 469, 471. The petitioner seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was

illegal. *Id.* The general rule is that typically a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, at 7, 594 S.W.3d 54, 58. A circuit court has subject-matter jurisdiction over violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the trial court or implicate the facial validity of the judgment. *Id.* at 7, 594 S.W.3d at 59.

Jefferson's sole argument on appeal is that the circuit court failed to make specific written findings of fact specifying which part of the record or files it relied on and failed to make specific written conclusions of law with respect to every legal issue raised in the petition. The circuit court's order found that "the sentence in place against [Jefferson] is hereby correct and that no illegal sentence was imposed upon [Jefferson]." More specific findings were not required.

In his petition, Jefferson argued that the amended criminal information was incomplete and that the trial judge committed misconduct by permitting his conviction to stand on this defective information. Both claims of trial error are inappropriate for his current petition. *See Rea v. State*, 2021 Ark. 134, at 4. Jefferson also makes allegations against his trial counsel. Yet claims of ineffective assistance of counsel are also not cognizable in proceedings to correct an illegal sentence. *Mister v. State*, 2022 Ark. 35, at 7, 639 S.W.3d 331, 336. In light of the foregoing, Jefferson's petition was wholly without merit, and we hold the circuit court's order was sufficient. Accordingly, we affirm.

Affirmed; motions moot.

WEBB, J., concurs.
*Wesley Jefferson*, pro se appellant.
*Tim Griffin*, Att'y Gen., by: *Walter Hawkins*, Ass't Att'y Gen., for appellee.