Cite as 2026 Ark. App. 280

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-852

| | |
|---|---|
| WILLIE RAY PORCHIA <br><br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br><br> APPELLEE | Opinion Delivered: May 6, 2026 <br><br> APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. 52CR-10-162] <br><br> HONORABLE RYAN PHILLIPS, JUDGE <br><br> AFFIRMED |

**CASEY R. TUCKER, Judge**

Appellant Willie Ray Porchia appeals from the denial of his pro se petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, he argues that the circuit court erred in rejecting his challenge to the legality of his sentencing enhancements pursuant to Arkansas Code Annotated section 5-64-411(a)(8) (Supp. 2009) for committing four drug offenses within one thousand feet of a church. Specifically, he argues that the State was required to prove a culpable mental state for the enhancements and failed to do so. We affirm the circuit court's denial of Porchia's petition.

I. *Background Facts and Procedural History*

On June 20, 2013, Porchia was convicted by a Ouachita County jury of four counts of delivery of a controlled substance (crack cocaine) committed in February and March 2010.

He was sentenced to ten years' imprisonment for each count, with the sentences to run consecutively. Pursuant to section 5-64-411, each of the four terms was extended by ten years because the offenses were committed within one thousand feet of a church. Porchia filed a direct appeal in this court, arguing that the circuit court abused its discretion in admitting into evidence photographs that were not properly authenticated and that the circuit court erred in failing to instruct the jury that the enhanced portions of the sentences were not subject to parole eligibility. This court held that neither argument was preserved for appeal, and it affirmed his convictions and sentences. *Porchia v. State*, 2014 Ark. App. 662, at 3.

Porchia filed his petition to correct the illegal sentence pursuant to section 16-90-111 on August 1, 2022. He argued that the proximity enhancement in section 5-64-411 required proof of a culpable mental state, which the State failed to establish. He also made a passing argument that the circuit court failed to instruct the jury that the sentencing provisions on early release and transfer were unavailable for the sentencing enhancements, and he asserted what could be construed as a challenge to the circuit court's decision to run the enhancements consecutively to his drug-delivery sentences. The circuit court denied Porchia's petition on April 17, 2024, finding that most of his petition was outside the scope of section 16-90-111 because his arguments should have been raised at trial and on direct appeal. The circuit court further found that "[t]he only conceivable argument that relates to A.C.A. § 16-90-111 involves the claim that the enhancements should not be run consecutively[.]" The circuit court found that argument meritless because it was authorized

2

by statute to run them consecutively. Porchia filed a timely notice of appeal from the circuit court's order denying his petition, and this appeal followed.

II. *Standard of Review and Applicable Law*

The circuit court's denial of relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, at 4, 566 S.W.3d 469, 471. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* Sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale v. Hobbs*, 2014 Ark. 405, at 4, 443 S.W.3d 533, 535. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Redus*, 2019 Ark. 44, at 3, 566 S.W.3d at 471. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, at 7, 594 S.W.3d 54, 58. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does

not implicate the jurisdiction of the circuit court or, consequently, implicate the facial validity of the judgment. *Id.*, 594 S.W.3d at 59.

## III. *Discussion*

As an initial matter, Porchia does not challenge his ten-year sentences for each of his four underlying convictions for delivery of a controlled substance (crack cocaine).[1] He argues on appeal only that the proximity sentencing enhancement in section 5-64-411 required proof of a culpable mental statute, which was not proved at his 2013 trial. He claims that, consequently, his section 5-64-411 sentencing enhancements were illegal and should be voided.

At the relevant time, section 5-64-411 provided the following:

> (a) Any person who commits an offense under § 5-64-401(a) by selling, delivering, possessing with intent to deliver, dispensing, manufacturing, transporting, administering, or distributing a controlled substance may be subject to an enhanced sentence of an additional term of imprisonment of ten

---

[1]Even if Porchia had challenged those sentences, any such challenge would have been meritless in this illegal-sentence proceeding. Pursuant to section 5-64-401(a)(1) (Supp. 2009), under which Porchia was charged, delivery of a Schedule I or II narcotic was a Class Y felony. A Class Y felony was punishable by not less than ten years nor more than forty years, or life imprisonment. Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2006). Additionally, during sentencing, the jury was instructed that Porchia had three prior felony convictions. Because he had previously been convicted of more than one felony but fewer than four felonies, he was subject to an increased term of imprisonment of not less than ten years nor more than sixty years, or life. Ark. Code Ann. § 5-4-501(a)(2)(A) (Supp. 2009). On each of those four drug-delivery convictions, he was sentenced to ten years' imprisonment. Those ten-year sentences were well within the sentencing range for Porchia's Class Y felony drug-delivery convictions as a habitual offender. Thus, had he challenged those underlying sentences, he would not have met his burden of demonstrating that they were illegal on their face. *See Redus*, 2019 Ark. 44, at 3–4, 566 S.W.3d at 471.

4

(10) years if the offense is committed on or within one thousand feet (1,000')
of the real property of:

. . . .

     (8) A church;

. . . .

     (b) The enhanced portion of the sentence is consecutive to any other
sentence imposed.

     (c) Any person convicted under this section is not eligible for early
release on parole for the enhanced portion of the sentence.

Ark. Code Ann. 5-64-411(a)–(c) (Supp. 2009).

In *Small v. State*, 2018 Ark. App. 80,, at 5–6, 543 S.W.3d 516, 520, we held that

section 5-64-411 requires a culpable mental state, explaining,

> Arkansas Code Annotated section 5-64-411, however, adds an enhanced
> sentence for a person found guilty of certain offenses, including that for which
> appellant was convicted, only if an additional requirement is met. That
> additional requirement is the location where the act is committed.
> Accordingly, we hold that the circuit court erred in concluding that section 5-
> 64-411 did not require a culpable mental state, and we reverse and remand on
> this point.

And because Arkansas Code Annotated section 5-64-411 does not proscribe a specific mental

state, one must be imputed pursuant to Arkansas Code Annotated section 5-2-203(b). *See*

*Silmon v. State*, 2018 Ark. App. 388, at 3, 557 S.W.3d 266, 267–68.

In the present case, Porchia is correct that there is no indication in the circuit court

record (including the verdict forms and jury instructions) that any mental state was discussed

or proved in relation to the section 5-64-411 enhancements. However, arguments about the

failure to instruct the jury on the mental state or failure of proof on the mental state are allegations of trial error, which should have been argued at trial and on direct appeal. *See, e.g.*, *Silmon*, 2018 Ark. App. 388, at 3, 557 S.W.3d at 267–68; *Small*, 2018 Ark. App. 80, at 5–6, 543 S.W.3d at 520. Thus, Porchia's argument, even if meritorious, does not provide an avenue for relief pursuant to section 16-90-111(a) because it is an allegation of trial error that does not implicate the facial validity of the judgment. *See, e.g.*, *Mister v. State*, 2022 Ark. 35, at 6, 639 S.W.3d 331, 335 (assertions of trial error do not implicate the facial validity of the judgment).

Finally, Porchia's two additional arguments that he made in his illegal-sentence petition below—the circuit court's failure to instruct the jury that the sentencing provisions on early release and transfer were unavailable for the proximity enhancements and his challenge to the circuit court's decision to run the enhancements consecutively to his drug-delivery sentences—have not been advanced on appeal. Arguments not raised on appeal are deemed abandoned. *Mister v. State*, 2013 Ark. App. 49, at 3 n.2. Thus, the circuit court's denial of relief under section 16-90-111 was not clearly erroneous, and we affirm the circuit court's order.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Willie Ray Porchia*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.